**FILED**

OCT 0 8 2015

Clerk, U.S. District Court
District Of Montana
Billings

# IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF MONTANA
### BILLINGS DIVISION

JESSE REID, JR.,

      Plaintiff,

  vs.

RAY MABUS, et al.,

      Defendants.

CV 15-00077-BLG-SPW-CSO

**RECOMMENDATION AND ORDER
TO DENY MOTION TO PROCEED
IN FORMA PAUPERIS**

Jesse Reid, Jr., a resident of Pittsburgh, Pennsylvania, has filed a Motion to Proceed in Forma Pauperis (*ECF 1*) and submitted a nearly incomprehensible Complaint for Writ of Mandamus (*ECF 2*) naming the Secretary of the Navy, the Director of the Central Intelligence Agency, the Director of the Federal Bureau of Investigation, and sixteen other individuals and agencies alleging a violation of his rights. Specifically, he alleges Defendants failed to investigate his claims that the Navy Sea Systems Command is using synthetic technology to electronically send a wireless signal via satellite to harass him because of lawsuits he has filed against the federal government. *Complaint, ECF 2 at 2, ¶ 2.*

1

The motion to proceed in forma pauperis should be denied and this matter dismissed. Reid has failed to provide sufficient financial information, his Complaint is frivolous, venue is improper, and the matter is subject to dismissal under the "first to file" rule.

## I. Motion to Proceed in Forma Pauperis

Permission to proceed in forma pauperis is discretionary with the Court. *See* 28 U.S.C. § 1915(a). Leave to proceed in forma pauperis should be granted if the affidavit sufficiently indicates the affiant cannot pay court costs and still provide the necessities of life for himself and his family. *Adkins v. E. I. Du Pont De Nemours & Co., Inc.*, 335 U.S. 331, 339 (1948).

Reid's application to proceed without prepaying fees or costs is incomplete. It fails to provide required information, including information as to how Reid is supporting himself. The only representation on the application is that Reid has no income. He provided no other information regarding his financial status.

In addition, "[a] district court may deny leave to proceed in forma pauperis at the outset if it appears from the face of the proposed

2

complaint that the action is frivolous or without merit." *Tripati v. First*

*Nat'l Bank & Trust*, 821 F.2d 1368, 1370 (9th Cir. 1987).

The Complaint raises the following allegations:

Plaintiff contacted Ray Mabus and Sam Emhart who did nothing to investigate his claims that Navy Sea Systems Command in Washington DC were the ones sending a wireless signal via satellite in real time to harass him electronically using synthetic technology because of law suits he filed against the federal government. The gist of the harassing communications was that the Navy was seeking to have Plaintiff stop filing suits against the federal government. These communications continue around the clock and have been going on since 2012. Emhart, Mabus, Popella, Stackley and NCIS operators failed to lodge the complaint but instead ignored it. When Plaintiff contacted the tip line for NCIS they hung up on him right after Plaintiff notified them directly that he is not alone in making these allegations and that there are approximately estimated 300,000 "Targeted Individuals" in the USA right now being electronically harassed. Most of their claims are ignored by the courts and government and they are lost because heath care professionals, the courts and the government have failed them. Noone wants to investigate the FACT that the signal has been traced to Navy Sea Systems Command in Washington, DC. They are engaged in a massive cover up and conspiracy with the other Defendant's to deny Plaintiff his constitutional rights. As a result these agents and officers are liable to Plaintiff in the amount of $600,000,000 (six hundred million dollars). A Jury trial should be ordered.

*Complaint, ECF 2 at 2, ¶ 2.*

Even liberally construed, Reid's Complaint fails to state a valid legal claim which could support federal mandamus relief. His allegations do not reasonably suggest that Reid has any plausible legal claim, in mandamus or otherwise, against the defendants. Rather, the Complaint at best alleges a scenario that can only be described as "fantastic or delusional." As in Reid's cases filed in Ohio, Oklahoma and the District of Columbia, this Court finds that Reid in this case has failed to meet the pleading requirements of *Ashcroft v. Iqbal*, 556 U.S. 662 (2009) and *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544 (2007). *See Reid v. Mabus, et al.*, 1:2015-cv-01537 (D.C. Dist. of Columbia) (dismissed September 21, 2015)(complaint is frivolous for failure to present basis for issuing the writ because the U.S. Attorney General has absolute discretion in deciding whether to investigate claims for possible criminal or civil prosecution); *Reid v. Mabus et al.*, 4:2015-cv-01639 (N.D. Ohio)(dismissed as frivolous August 31, 2015); *Reid v. Mabus, et al.*, 1:2015-cv-00538 (S.D. Ohio)(dismissed October 2, 2015)("complaint is rambling, difficult to decipher, and borders on delusional . . . provides no factual content or context . . . complaint

4

fails to state a claim upon which relief may be granted."); *Reid v. Mabus, et al.*, 6:2015-cv-00310 (E.D. Oklahoma) (dismissed August 27, 2015)(improper venue, "first to file rule" applies, and complaint is frivolous and fails to state a claim upon which relief may be granted.).

The Complaint is frivolous. As such, the motion to proceed in forma pauperis should be denied and this matter dismissed.

## II. Venue

Federal law provides that a civil action may be brought in: (1) a judicial district in which any defendant resides, if all defendants are residents of the State in which the district is located; (2) a judicial district in which a substantial part of the events or omissions giving rise to the claim occurred, or a substantial part of property that is the subject of the action is situated, or (3) if there is no district in which the action may otherwise be brought, as provided above, any judicial district in which any defendant is subject to the court's personal jurisdiction with respect to such action. 28 U.S.C. § 1391(b). "The district court of a district in which is filed a case laying venue in the wrong division or district shall dismiss, or if it be in the interest of

5

justice, transfer such case to any district or division in which it could have been brought." 28 U.S.C. § 1406(a). The Court may, sua sponte, raise the issue of defective venue and dismiss or transfer an action before a responsive pleading is filed. *See Costlow v. Weeks*, 790 F.2d 1486, 1488 (9th Cir. 1986).

There is no allegation that any event forming the alleged basis of this action occurred in Montana or that Reid or any named Defendant resides in Montana. Reid has stated no basis for venue in Montana.

Given Reid's litigation history, the Court finds that it would not be in the interest of justice to transfer this matter and that it should be dismissed. *See Costlow*, 790 F.2d at 1488 (permitting a district court to dismiss an action sua sponte for improper venue). In addition, the Complaint is so devoid of facts and intelligible allegations that it would be impossible to determine where the matter should be transferred. The Court will not reward Reid's multiple filings in multiple improper districts by burdening another district with his frivolous claims.

## III. First to File

According to the National PACER Case Locator, Reid has filed

6

identical complaints in 18 other districts. Seven of those matters have already been dismissed for failure to provide sufficient financial information, for lack of venue, and/or as frivolous. *See Reid v. Mabus, et al.*, 1:2015-cv-01537 (D.C. Dist. of Columbia); *Reid v. Mabus et al.*, 4:2015-cv-01639 (N.D. Ohio); *Reid v. Mabus, et al.*, 1:2015-cv-00538 (S.D. Ohio); *Reid v. Mabus, et al.*, 6:2015-cv-00310 (E.D. Oklahoma).

In the Ninth Circuit, "the well-established 'first to file rule,' [ ] allows a district court to transfer, stay, or dismiss an action when a similar complaint has already been filed in another federal court." *Alltrade, Inc. v. Uniweld Products, Inc.*, 946 F.2d 622, 623 (9th Cir. 1991). "The first-to-file rule may be applied 'when a complaint involving the same parties and issues has already been filed in another district.' " *Kohn Law Group, Inc. v. Auto Parts Mfg. Mississippi, Inc.*, 787 F.3d 1237, 1240 (9th Cir. 2015)(*quoting Alltrade*, 946 F.2d at 625). "[A] court analyzes three factors: chronology of the lawsuits, similarity of the parties, and similarity of the issues." *Kohn*, 787 F.3d at 1240.

Here Reid has filed identical complaints in 18 different district courts. The parties are identical and the issues are identical. At least

7

eight cases were filed on August 17, 2015. This matter was filed on August 18, 2015. The first to file rule applies.

Based on the foregoing, the Court **RECOMMENDS** that the following Order be issued by Judge Watters.

DATED this __7th__ day of October, 2015.

Carolyn S. Ostby
United States Magistrate Judge

Based upon the above Recommendation by Judge Ostby, the Court issues the following:

## ORDER

1. Reid's Motion to Proceed in Forma Pauperis (*ECF 1*) is denied and this matter is dismissed. It would be futile to allow Reid an opportunity to pay the filing fee in light of the frivolous nature of his claims.

2. The Clerk of Court is directed to close the case and enter judgment pursuant to Rule 58 of the Federal Rules of Civil Procedure.

3. No motions for reconsideration or rehearing will be entertained and the Clerk of Court is directed to discard any such motions.

DATED this 8th day of October, 2015.

Susan P. Watters

SUSAN P. WATTERS
United States District Judge